## MACTIER *against* LAWRENCE and LAWRENCE.

An executor or administrator may, pending a suit in equity, and prior to a decree, confess a judgment at law, so as to give priority; and this Court will not, by injunction, interfere with the remedy at law, in favour of a simple contract creditor, until there is a decree.

*May* 31st.

THE bill stated, that the plaintiff sued for himself and for such other creditors of *Henry Mactier*, deceased, as should come in and contribute to the expenses of the suit. That *H. M.*, at the time of his death, was indebted to the plaintiff in 4000 dollars, for money lent. That he died intestate, the 10th of *April* last, and had been largely engaged in commercial business, and was indebted to several persons, in and out of the *United States.* That he did not die seised of any real estate, nor did he leave personal estate sufficient for the payment of his debts. That the defendants were administrators, and had possessed themselves of the assets. That most, if not all the creditors, within the *United States,* have commenced suits at law against the defendants, as such administrators; and the plaintiff is advised, that those creditors who shall first obtain judgments will be first paid. That the plaintiff also

commenced a suit at law, but has not obtained judgment. That no suits have been commenced by the creditors out of the *United States.* That the debts are all simple contract debts, and no one creditor has a preference. That the assets are insufficient to pay all the debts. That the defendants refuse to adopt any measure to secure an equal distribution of assets : *Prayer,* for an account of the debts due to the plaintiff and others, who shall come in and contribute, and for an account of the assets, and a due distribution of them, and for general relief; and for an *injunction* to restrain the defendants from doing or suffering any thing, whereby one or more of the creditors shall obtain a preference in payment, out of the assets.

*Boyd,* for the plaintiff, moved for an injunction, to restrain the defendants from confessing any judgment, as administrators, and thereby to give a legal priority over the plaintiff.

THE CHANCELLOR. The injunction, in this case, would not be warranted by the doctrine in *Thompson* v. *Brown.* (4 *Johns. Ch. Rep.* 619.) The plaintiff is a simple contract creditor, and has not obtained a decree for an account; and there is no case that warrants an injunction, interfering with the remedy at law, *until a decree.* It was admitted, in *Smith* v. *Eyles,* (2 *Atk.* 385.) that before a decree, the executor might confess a judgment at law, which would give priority; and in *Waring* v. *Danvers,* (1 *P. Wms.* 295.) the executor confessed judgment at law, pending a suit in equity, and prior to the decree; and it was held good. If the creditor is not to be restrained at law in this case, why should the administrators be restrained from suffering him to take judgment by default, or from giving him a plea of *cognovit?* Until the decree, there is no just principle upon which the Court can interfere to the extent prayed for, without utterly destroying all

*1823.*

MACTIER
v.
LAWRENCE.

1823.    remedy at law.  If the creditor has a right to sue at law,
⁓⁓⁓⁓    the administrator must equally have a right to waive the
EGBERTS   expense and folly of a litigation, and confess the debt.
v.
PEMBERTON.

Motion denied.